UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERALD DEAN DECRUZ,

    Plaintiff,

v.

SECRETARY OF CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION; WARDEN OF SAN QUENTIN STATE PRISON; L. RICHARDSON; M. NUNLEY; J. BISHOP; JOHN DOE,

    Defendants.

No. C 20-0879 WHA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

# INTRODUCTION

Plaintiff, a state prisoner, filed a pro se civil rights complaint under 42 U.S.C. § 1983. For the reasons discussed below, the Complaint is dismissed with leave to amend.

# ANALYSIS

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). Pro se

pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'"" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The United States Supreme Court has recently explained the "plausible on its face" standard of *Twombly*: "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.   Legal Claims**

Plaintiff alleges that San Quentin State Prison had spiders because of unsanitary conditions. Some spiders bit him on the leg, and the bites became infected. He alleges that an unnamed doctor at San Quentin failed to detect the infection, and eventually he lost his lower leg to amputation. He alleges that he did not receive a prosthesis for the leg for over ten months.

Plaintiff does not indicate which defendants, if any, were involved in these alleged incidents. "A plaintiff must allege facts, not simply conclusions, that show that an individual was

personally involved in the deprivation of his civil rights." *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must name the officials who violated his constitutional rights and allege facts that show that their actions or omissions caused these violations. He will be given leave to amend to do so.

Plaintiff also alleges that defendants Richardson and Nunley, two Correctional Officers at San Quentin, unlawfully confiscated his personal property, including some legal papers. He alleges that this property was eventually lost or destroyed. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Plaintiff's claim that any defendants improperly destroyed his property does not implicate his right to due process because he has an adequate remedy under state law. Plaintiff's allegations that he lost legal papers, moreover, also do not state a claim for the violation of his constitutional rights because he does not claim that the loss prevented him from pursuing a non-frivolous claim in court, an essential element of such an access-to-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 351, 354-55 (1996). These claims are dismissed with leave to amend.

Plaintiff further alleges that he was not interviewed in connection with an administrative appeal. This does not state a constitutional claim because there is no right to a constitutional right to an administrative appeal system in prison. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). This claim is dismissed without leave to amend.

Plaintiff also complains that he was transferred to Corcoran State Prison, where he did not have access to television or videos and where he was placed in Administrative Segregation. Prisoners have no constitutional right to incarceration in a particular institution. *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). Accordingly, his transfer to Corcoran does not state a cognizable claim for relief. His claims about the conditions of his confinement in Administrative

3

Segregation at Corcoran must be brought in the Eastern District of California, which is the proper venue for such claims. These claims are dismissed without leave to amend.

Plaintiff complains that none of the defendants have taken a constitutionally adequate oath of office. Plaintiff also claims that he is not subject to various federal laws because he is a "citizen" of the State of California and not a "federal citizen." Plaintiff has provided no valid authority in support of these claims. They are dismissed without leave to amend.

## CONCLUSION

1. The Complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed and must include the caption and civil case number used in this Order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: November 17, 2021.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4